# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. McCULLOCK,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent. | 1:08-cv-0708 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF MANDATE<br><br>[Doc. 1] |

Petitioner is a state prisoner and currently in custody at the Pleasant Valley State Prison in Coalinga, California. Petitioner has filed a petition for writ of mandate.

Pursuant to 28 U.S.C. § 1361, the district court has jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff. Plaintiff seeks a writ of mandate commanding the court to "force the CDCR to perform its duty by completing the administrative review." (Petition, at 1.) Specifically, Petitioner contends that prison officials have failed to respond and/or process his inmate grievance appeal.

"[A prison] grievance procedure is a procedural right only, *it does not confer any substantive right upon the inmates*." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) (emphasis added); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann

1

v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).[1]  Accordingly, the fact that prison officials have failed to timely process and/or respond to Petitioner's inmate appeals does not raise an independent substantive right, and Petitioner's is not entitled to a writ of mandate on this ground. In light of the above, the court finds that Petitioner has not demonstrated the existence of any duty owed to plaintiff by the court.

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's petition for writ of mandate, should be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 26, 2008              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Constitution only requires that prisoners be afforded those procedures mandated by Constitutional principles; it does not require that prison officials comply with their own more generous procedures or time limitations.  See Walker v. Sumner, 14 F.3d 1415, 1419-1420 (9th Cir. 1994); Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984).